UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOESPH J. CARREL, JR., et al, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|   vs. | ) | 1:05-cv-01769-SEB-JPG |
| | ) | |
| GEORGE WESTON BAKERIES | ) | |
| DISTRIBUTION, INC. | ) | |
|     Defendant. | ) | |

### ENTRY GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant's, George Weston Bakeries Distribution, Inc. ("GWBD"),[1] Motion to Dismiss all nine Counts (I through IX) of Plaintiffs' Complaint pursuant to Rule 12(B)(6) of the Federal Rules of Civil Procedure, which we grant in part and deny in part, as explained below.

I.   Standard of Review

A motion to dismiss tests the sufficiency of the complaint. <u>Gibson v. City of Chicago</u>, 910 F.2d 1510, 1520 (7th Cir. 1990). Dismissal for failure to state a claim upon which relief can be granted is appropriate where, in reviewing the complaint and "taking as true all of [the plaintiff's] well-pleaded factual allegations and drawing all reasonable inferences in his favor," it is clear that no viable cause of action exists. <u>Lachmund v.</u>

---

[1] The parties agreed to dismiss Co-defendant George Weston Bakeries, Inc. as to all Counts. See Stipulation of Dismissal at Docket No. 47.

ADM Investor Services, Inc., 191 F.3d 777, 782 (7th Cir. 1999); see Beam v. IPCO Corp., 838 F.2d 242, 244 (7th Cir. 1988).  "[W]ell pleaded allegations of the complaint are to be taken as admitted, but mere unsupported conclusions of fact or mixed fact and law are not admitted."  Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995).

II.     Legal Analysis

   Count I: Injunctive Relief

In Count I of the Complaint, Plaintiffs request injunctive relief.  The parties have filed separate briefings related to Plaintiffs' motion for a preliminary injunction and, due to the nature of the motion, the appropriateness of injunctive relief will be determined at a later date.  For now, at least, Defendant's motion to dismiss Count I is denied.

   Count II: Clayton Act

In Count II of the Complaint, Plaintiffs allege that GWBD violated the unfair competition prohibition of Section 5 of the Federal Trade Commission Act, codified at 15 U.S.C. § 45.  (Pls.' Compl., ¶ 53.)  Plaintiffs claim that based on the alleged violation of the Federal Trade Commission Act, they are entitled to damages under Section 4 of the Clayton Act, 15 U.S.C. § 15(a).  (Pls.' Compl., ¶ 55.)  The Clayton Act creates a private right of action, while the Federal Trade Commission Act does not.  The Clayton Act permits suit by "[a]ny person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws . . . ."  15 U.S.C. § 15(a).  The term "antitrust laws" is defined at 15 U.S.C. § 12(a).  The Seventh Circuit held that the Federal Trade Commission Act, including 15 U.S.C. § 45, "is not one of the antitrust laws enumerated

by 15 U.S.C. § 12 . . . ." Rader v. Balfour, 440 F.2d 469, 471 (7th Cir. 1971). Thus, no private cause of action is allowed under the Federal Trade Commission Act. Count II of Plaintiffs' Complaint thus fails to state a claim because no private cause of action exists under the Federal Trade Commission Act.

### Count III: Indiana Franchise Sales Disclosure Act

In Count III of the Complaint, Plaintiffs claim that GWBD violated the Indiana Franchise Sales Disclosure Act (the "IFSDA"). Private actions under the IFSDA are limited to acts constituting fraud, deceit, or misrepresentation. Continental Basketball Assoc., Inc. v. Ellenstein Enterprises, Inc., 669 N.E.2d 134, 137 (1996). Because any claim based on the IFSDA is essentially a fraud claim, Plaintiffs must plead the circumstances surrounding the alleged fraud with particularity, pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. See e.g., Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 776-77 (7th Cir. 1994). To state a franchise fraud claim, Plaintiffs must plead three elements: (1) a false statement or omission, (2) materiality, and (3) detrimental reliance. See e.g., Enservco, Inc. v. Indiana Sec. Div., 623 N.E. 2d 416, 421-25 (Ind. 1993); see also Hardee's of Maumelle, Arkansas, Inc. v. Hardee's Food Systems, Inc., 31 F.3d 573, 579-80 (7th Cir. 1994). Plaintiffs assert that the Complaint and the exhibits filed with it are sufficiently particularized to satisfy the requirements of Rule 9(b). (Pl.s' Response at 13.) However, Plaintiffs failed to allege detrimental reliance – that is, whether anyone actually relied on the alleged misrepresentations, and if so, who, and whether any Plaintiff who so relied on the statements was actually harmed

by this reliance.  For this reason, Count III of the Complaint is dismissed.

### Count IV: Indiana Deceptive Franchise Practices Act

In Count IV, Plaintiffs allege multiple violations of Indiana's Deceptive Franchise Practices Act ("IDFPA"), Ind. Code § 23-2-2.7-1, et seq.  Plaintiffs allege that DWBD violated the IDFPA because the Distribution Agreement: (1) requires the distributors to prospectively release Weston from liability upon Weston's repurchase of a franchise; (2) permits GWBD to terminate the franchise without good cause or in bad faith; and (3) limits litigation brought for the breach of the agreement.  (Pls.' Compl., ¶¶ 69(a), (b), and (c).  In addition, Plaintiffs allege that GWBD violated the IDFPA by: (1) coercing the distributors to accept GWBD products not required by the Distribution Agreement or voluntarily ordered by Plaintiffs; (2) discriminating unfairly between franchisees; and (3) engaging in deceptive acts in connection with the Distributor's Sales Areas.  (Pls.' Compl., ¶¶ 70(a), (b), and (c).

Our review of the complaint, taking all factual allegations in the complaint as true, reveals that a viable cause of action on this theory exists.  Defendant's briefings argue the merits of the allegations, contrary to the standard of review applicable to a motion under Rule 12(b)(6).  Therefore, Defendant's motion as to Count IV is denied.

### Count V:  New York Franchise Sales Act

Plaintiffs have voluntarily withdrawn their claim that Defendant violated the New York Franchise Sales Act.  Thus, Count V is Dismissed.  Def.'s Resp. at 2; See Stipulation of Dismissal, Docket No. 47.

4

### Count VI:  Breach of Contract

Plaintiffs allege in Count VI that GWBD breached the Distribution Agreement. To establish a breach of contract claim, Plaintiffs must prove (1) the existence of a contract, (2) breach of the contract's terms, and (3) damages.  See e.g., Breeding v. Kye's Inc., 831 N.E. 2d 188, 190-91 (Ind. Ct. App. 2005).  "[U]nless the contract provides otherwise, all applicable law in force at the time the agreement is made impliedly forms part of the agreement without any statement to that effect."  Miller v. Geels, 643 N.E. 2d 922, 928 (Ind. App. 1994).  Consequently, the statutory requirements of the IDFPA are implied terms in the Weston's Distribution Agreements with the Plaintiffs.  Plaintiffs have identified numerous terms of the Distribution Agreement, albeit implied terms, that Weston has allegedly breach.  (Pl.s' Response at 19-20.)  Thus, Count VI sufficiently pleads a breach of contract claim and Defendant's motion to dismiss as to this Count is also denied.

### Count VII: Indiana's Criminal Deception Statute

Plaintiffs allege that GWBD violated Indiana's criminal deception statute.  A person commits criminal deception when he "knowingly or intentionally makes a false or misleading written statement with intent to obtain property . . . ."  Ind. Code § 35-43-5-3(a)(2).  Proof of reliance is not required to sustain a conviction under this statute.  See Streeval v. State, 241 N.E.2d 255, 260 (Ind. 1968).  Plaintiffs have alleged that Weston intentionally made false and misleading statements in connection with the offer and sale of its franchises to Plaintiffs and that Weston's actions occurred pursuant to a scheme to

defraud the Plaintiffs.  (Compl. ¶¶ 61, 64.)  These allegations are sufficient to state a claim under Indiana's criminal deception statute and thus Defendant's Motion to dismiss Count VII is denied.

### Count VIII: Intentional Infliction of Emotional Distress

Count VIII alleges that GWBD intentionally inflicted emotional distress upon the Plaintiffs.  To establish a claim for intentional infliction of emotional distress, a plaintiff must prove that the defendant: (1) intentionally or recklessly (2) engaged in "extreme and outrageous" conduct that (3) caused (4) severe emotional distress.  Doe v. Methodist Hospital, 690 N.E. 2d 681, 691 (Ind. 1997) citing Restatement (Second) of Torts, § 46. GWBD asserts that "[b]ecause the Plaintiffs have failed to plead any facts demonstrating 'extreme and outrageous' conduct, the Plaintiffs' claim for intentional infliction of emotional distress must be dismissed."  (Pl.s' Memo in Supp. at 18.)  A motion to dismiss does not call for the Court to make findings on the evidence as a matter of law; the sole issue is whether the allegations in the Complaint, taken as true, assert a claim against Weston for intentional infliction of emotional distress.  This claim has been sufficiently alleged for Rule 12(B)(6) purposes and is not subject to dismissal at this stage of the proceedings.

### Count IX: Negligent Infliction of Emotional Distress

In Count IX, Plaintiffs' final allegation is that GWBD negligently inflicted emotional distress on Plaintiffs.  Plaintiffs have agreed to voluntarily dismiss this Count. Def. Resp. at 2; See Stipulation of Dismissal at Docket No. 47.

III. Conclusion

As explained above, Count II, Count III, Count V, and Count IX are dismissed. Defendant's motion to dismiss as to Count I (injunctive relief), Count IV (Indiana Deceptive Franchise Practices Act), Count VI (breach of contract), Count VII (criminal deception), and Count VIII (intentional infliction of emotional distress) is denied.  IT IS SO ORDERED.

Date:  04/13/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Tony H. Abbott
POOL ABBOTT & FRYE LLP
tabbott@pafllp.com

Fred R. Biesecker
ICE MILLER LLP
fred.biesecker@icemiller.com

Donald F. Foley
FOLEY & TURNER
donf@foleyandturner.com

Dana L. Luetzelschwab
FOLEY & TURNER
danal@foleyandturner.com

Michael T. McNally
ICE MILLER LLP
mcnally@icemiller.com