UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSEPH J. CARREL, JR., LINDA BROWN, CATHY L. COURTNEY, PETER R. RAY, JOYCE L. RAY, MARK T. CASEY, RONALD S. WILSON, SR., STEPHEN TETRICK, RON CLOUSE, and PATTI CLOUSE, <br>           Plaintiffs, <br><br>     vs. <br><br> GEORGE WESTON BAKERIES DISTRIBUTION INC., <br>           Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 1:05-CV-1769-SEB-JPG |

**ENTRY DENYING MOTION TO STRIKE JURY DEMAND**

Before the Court is the Motion to Strike Plaintiffs' Jury Demand [Docket No. 48] filed by Defendant, George Weston Bakeries Distribution Inc. ("GWBD"). GWBD argues that the Plaintiffs, Joseph J. Carrel, Jr., Linda Brown, Cathy L. Courtney, Peter R. Ray, Joyce L. Ray, Mark T. Casey, Ronald S. Wilson, Sr., Stephen Tetrick, Ron Clouse, and Patti Clouse, (collectively the "Plaintiffs") each entered into a Distribution Agreement on or about October 12, 2004, which included a waiver of their right to a jury trial, and therefore Plaintiffs' February 12, 2006, jury demand should be stricken. Plaintiffs respond that the Distribution Agreement's waiver provision is invalid and unenforceable as violative of the Indiana Deceptive Franchise Practices Act ("IDFPA").

I.   Factual Background

On or about October 13, 2004, each Plaintiff purchased distribution rights from GWBD and entered into a Distribution Agreement (the "Distribution Agreement") with GWBD which governed their relationships as well as the terms and conditions of the sale of product.  (Def.'s Brief at 2; citing Pls.' Compl., ¶ 18; Distribution Agreements, Exhibit "A".)  Section 11.13 of the Distribution Agreement contains the following provision:

> NO JURY TRIAL: The parties hereby knowingly, voluntarily and intentionally waive the right either of them may have to a trial by jury in respect of any litigation based hereon or arising out of this Agreement or any acts, omissions, transactions or course of dealing hereunder.

Plaintiffs filed their joint Complaint on or about November 23, 2005, without requesting a jury trial at that time.  On February 13, 2006, Plaintiffs filed their Demand for a Trial by Jury.[1]  (Id.; citing Docket No. 45.)

---

[1] GWBD does not dispute the timeliness of Plaintiffs' jury demand.  Under the Federal Trial Rules, a "party may demand a trial by jury of any issue triable of right by a jury . . . at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. . . ."  Fed. R. Civ. P. 38(b).  Therefore, short of a party's consent, or authorization of counsel to consent, there can be no effective waiver of the right to a jury trial except by operation of Trial Rule 38.  Heyman v. Kline, 456 F.2d 123, 128-129 (2nd Cir. 1972).

Here, because GWBD has not yet filed its Answer, the time permitted under Trial Rule 38 has not yet passed.  In addition, as in Heyman, even though there have been two pre-trial conferences, neither Plaintiffs nor counsel for Plaintiffs have made any affirmative representation that the matter of a jury trial has been discussed with the clients and that the clients have determined not to exercise their right to a jury trial.  Therefore, Plaintiffs' Demand for a Jury Trial is timely and Plaintiffs have not procedurally waived their right to a jury trial.  See Pls.' Resp. at 4.

II.  Waiver of Jury Trial and the Indiana Deceptive Franchise Practices Act

GWBD contends that, because the Distribution Agreement expressly provides that the parties to the agreement have knowingly, voluntarily, and intentionally waived the right to a jury trial, their jury demand should be stricken.  Def.'s Brief at 3.  Plaintiffs rejoin that the jury trial waiver provision is illegal under the Indiana Deceptive Franchise Practices Act ("IDFPA") and thus unenforceable.  Pls.' Response at 2.

That the written provision is a part of their Agreement no one disputes, nor could they reasonably do so.  Rather, the issue before the court is whether the waiver is enforceable in light of the IDFPA.  The IDFPA prohibits provisions in franchise agreements "[l]imiting litigation brought for breach of the agreement in any manner whatsoever."  Ind. Code § 23-2-2.7-1(10).

Plaintiffs maintain that the provision at issue here which purports to require them to relinquish their right to a jury trial is such a prohibited limitation on litigation.  Pls.' Response at 1.  Other courts, buttressed by the federal rules, have recognized that the right to trial by jury is a substantive right.  Aetna Insurance Co. v. Kennedy, 301 U.S. 389, 393 (1937) ("[T]he right of jury trial is fundamental, [and] courts [must] indulge every reasonable presumption against waiver"); and Fed. R. Civ. P. 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution . . . shall be preserved to the parties inviolate.")  Thus, Plaintiffs assert, their substantive right to a jury trial comes within the protections of the IDFPA.  Pls.' Response at 1.

GWBD responds that a jury trial waiver does not contravene Ind. Code § 23-2-2.7-

3

1(10) because Plaintiffs have the same unfettered opportunity to litigate the merits of their claims whether the case is presented to the Court, a jury, or an arbitration panel. Def.'s Brief at 5; see also Def.'s Reply at 1-2; citing Blimpie International, Inc. v. Choi, 822 N.E.2d 1091 (Ind. Ct. App. 2005).[2] Further, GWBD argues, under Indiana law freely bargained-for agreements should be enforced, and courts have long recognized that parties may contractually waive their rights to a jury trial, which the parties did here through their relinquishment of that right. See Def.'s Brief at 3; citing Sanford v. Castleton Health Care L.L.C., 813 N.E.2d 411, 420 (Ind. Ct. App. 2005) (affirming waiver of jury trial in favor of arbitration agreement).

Our independent research has not disclosed any prior decision directly addressing whether the IDFPA prohibits the contracting parties from waiving their right to a jury trial; indeed, the parties have not cited such authority in their briefs. Both Plaintiffs and Defendant do, however, rely on Deans v. Tutor Time Child Care Systems, Inc., 982 F. Supp. 1330, 1332 (S.D. Ind. 1997, Barker, C.J.), a forum selection clause decision which arguably supports their relative positions. In Deans, this court stated that the purpose of

---

[2] Plaintiffs challenge the applicability of the holding in Blimpie as not dispositive of whether a provision waiving a jury trial is unenforceable under the IDFPA. In Blimpie, the court ordered arbitration pursuant to an arbitration clause in the franchise agreement. Although the suit was brought under the IDFPA, the court did not determine – or even consider – whether § 23-2-2.7-1 applied to the waiver of the right to a jury trial. Furthermore, the IDFPA expressly excludes provisions requiring the parties to arbitrate disputes between them. See § 23-2-2.7-1(5). There is no similar provision in the IDFPA excluding clauses which require the parties to waive their right to a jury trial. Pls.' Reponse at 2. We therefore agree that Blimpie is not sufficiently analogous to the case at hand to be dispositive, nor even particularly useful to our analysis.

4

subsection 10 of the IDFPA is to preserve the substantive rights conferred on franchisees, rather than to impose a specific venue choice.  Deans, 982 F. Supp. at 1332.  The Court held that "[e]nforcement of the forum-selection clause would not violate the statute's intent to guarantee substantive rights to franchisees and, thus, does not contravene Indiana public policy."  Deans, 982 F. Supp. at 1332.

In the case at bar, the enforcement of the waiver of jury trial provision would, in our view, violate the IDFPA's intent to guarantee substantive rights to franchisees.  See Dean, 982 F. Supp. at 1332.  Given the primacy of the Constitutional right to a jury trial, the obvious limitation on this right in the Franchise Agreement runs afoul of the IDFPA prohibition against such limitations.  See IND. CONST. ART. 1, § 20 ("In all civil cases, the right of trial by jury shall remain inviolate.").

Further, GWBD's argument that, under Indiana law, a party may contractually waive its right to a jury trial in favor of a bench trial, is unpersuasive for two reasons: First, while there is a "presumption of enforceability of contracts that represent the freely bargained agreement of the parties," this presumption is overcome in the face of a statute which expressly limits what the parties may agree to do.  Continental Basketball Ass'n, Inc. v. Ellenstein Enterprises, Inc., 669 N.E.2d 134, 139 (Ind. 1996); See Def.'s Brief at 3, citing Sanford v. Castleton Health Care L.L.C., 813 N.E.2d 411, 420 (Ind. Ct. App. 2005).  Stated otherwise, any presumption in favor of enforcing the Distribution Agreement as negotiated by and between the parties is trumped by the clear statutory limitations in the IDFPA which prohibits a franchise agreement from "[l]imiting litigation

brought for breach of the agreement in any manner whatsoever." Ind. Code § 23-2-2.7-1(10). Second, the case cited by GWBD, Sanford, permitted the waiver of a jury trial in favor of an arbitration agreement and arbitration agreements are specifically excluded by the IDFPA. Ind. Code § 23-2-2.7-1(5) ("This subdivision does not apply to arbitration before an independent arbitrator."). If the General Assembly intended to similarly exclude the waiver of jury trials in favor of bench trials it would have said as much. The broad prohibition of the IDFPA thus prevents enforcement of the Distribution Agreement's waiver of jury trial provision.

III.   Conclusion

For these reasons, Defendant GWBD's Motion to Strike Plaintiffs' Jury Demand is DENIED. IT IS SO ORDERED.

Date:   08/29/2006

*[signature: Sarah Evans Barker]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Tony H. Abbott
POOL ABBOTT & FRYE LLP
tabbott@pafllp.com

Fred R. Biesecker
ICE MILLER LLP
fred.biesecker@icemiller.com

Donald F. Foley
FOLEY & TURNER
donf@foleyandturner.com

6

Dana L. Luetzelschwab
FOLEY & TURNER
danal@foleyandturner.com

Michael T. McNally
ICE MILLER LLP
mcnally@icemiller.com