UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH J. CARREL, JR., LINDA BROWN, CATHY L. COURTNEY, PETER R. RAY, JOYCE L. RAY, MARK T. CASEY, RONALD S. WILSON, SR., STEPHEN TETRICK, ESTATE OF RON CLOUSE, and PATTI CLOUSE,<br><br>    Plaintiffs,<br><br>    vs.<br><br>GEORGE WESTON BAKERIES DISTRIBUTION, INC.,<br><br>    Defendant, Counterclaim-Plaintiff.<br><br>    vs.<br><br>CATHY L. COURTNEY and LINDA BROWN,<br><br>    Counterclaim-Defendants. | 1:05-cv-1769-SEB-JMS |

**ENTRY ESTABLISHING ORDER OF PROOF AT TRIAL**

This cause is now before the Court on the Motion for Separate Trials or Severance [Docket No. 185], filed on June 11, 2008, by Defendant and Counterclaim-Plaintiff George Weston Bakeries Distribution Inc. ("Weston"), pursuant to Rules 42(b) and 21 of the Federal Rules of Civil Procedure. For the reasons detailed in this entry, we <u>DENY</u> Defendant's Motion for Separate Trials or Severance. However, in order to balance the interests of both sides in this litigation, while promoting the interest of judicial economy

as well, the court hereby orders that the evidence to be adduced at trial be structured in the manner described below.

## Discussion

Plaintiffs originally asserted seven separate claims in their Amendment Verified Complaint. However, on September 25, 2007, the Court narrowed the issues for trial in granting partial summary judgment in favor of Defendant. In that ruling, the Court granted summary judgment on Plaintiffs' claims alleging violations of the Clayton Act, 15 U.S.C. § 15 (Count II); the Indiana Franchise Sales Disclosure Act, Ind. Code § 23-2-2.5-1 *et seq.* (Count III); Ind. Code § 35-43-2-5 (Count VI); intentional infliction of emotional distress (Count VII); and on Plaintiffs' request for preliminary injunctive relief. The Court denied Defendant's motion for summary judgment with respect to Plaintiffs' claims alleging violations of the Indiana Deceptive Franchise Practices Act, Ind. Code § 23-2-2.7-1 *et seq.* (Count IV); breach of contract (Count V); and Plaintiffs' request for permanent injunctive relief. Thus, Counts IV and V, as well as Plaintiffs' request for permanent injunctive relief, are the only issues remaining for trial. There are a total of ten Plaintiffs seeking relief in this case based on breach of contract and deceptive franchise practice.

Defendant contends that, if all claims and all Plaintiffs proceed in a single trial before a single jury, the presentation of unique facts that pertain to only one claim, or facts that pertain to some but not all Plaintiffs, will get lost in the broad scope of evidence

to be presented and could bias the jury with respect to other claims, other Plaintiffs, or against Defendant in general.  Based upon the claims and issues remaining for trial, Defendant thus proposes separating or severing Plaintiffs' claims, pursuant to Rule 42(b)[1] or Rule 21[2] of the Federal Rules of Civil Procedure, into the following groups, which would require the Court to conduct three separate jury trials:

- <u>Trial One</u> (Ron Wilson, Sr.) – Mr. Wilson's claim that Defendant breached his distribution agreement by terminating his agreement in September 2005;

- <u>Trial Two</u> (Stephen Tetrick) – Mr. Tetrick's claim that Defendant breached his distribution agreement by terminating his agreement in September 2005;

- <u>Trial Three</u> (Joseph J. Carrel, Jr., Linda Brown, Cathy Courtney, Peter R. Ray, Joyce L. Ray, Mark T. Casey, Ronald S. Wilson, Sr., Stephen Tetrick, the Estate of Ron Clouse, and Pattie Clouse) – all remaining claims, divided into the following subparts: (1) whether the distribution agreement requires Plaintiffs to prospectively assent to a release or permits Defendant to terminate the agreement without good cause or in bad faith; (2) whether Defendant unfairly discriminated against certain plaintiffs; and (3) whether Defendant coerced Plaintiffs into accepting goods that they did not order and were not required to accept under the distribution agreement; whether Defendant breached its duty as Plaintiffs' agent when negotiating promotional programs with retail chains; whether Defendant breached an alleged agreement that the spread on products in which Plaintiffs held equity

---

[1] Rule 42(b) provides:

For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.  When ordering a separate trial, the court must preserve any federal right to a jury trial.

[2] Rule 21 provides that:

Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party.

distribution rights would always be 19%; and Defendant's counterclaims.

Plaintiffs object to the separation and severance, contending that, because all of the claims are rooted in the same set of core facts requiring a jury to interpret identical terms in the distribution agreements, splitting Plaintiffs' claims into multiple trials would necessitate an excessive expenditure of judicial resources, because of the duplications of proof that would be required in order to acquaint multiple juries with the terms of the distribution agreements and the nature of Defendant's business.  Moreover, Plaintiffs argue that separate trials would be prejudicial to Plaintiffs Ronald Wilson and Stephen Tetrick because their claims that Defendant breached their distribution agreements by terminating them without good cause and in bad faith are interwoven with issues relating to whether Defendant coerced them into accepting product that they did not order and were not required to accept under the distribution agreement and whether Defendant breached its duty as Plaintiffs' agent when negotiating promotional programs with retail chains.[3]  Finally, because Plaintiffs expect to testify at each other's trials, they object to having to take additional time away from their jobs in order to testify at multiple trials.

We are sensitive to both sides' concerns regarding these issues.  Many of the facts underlying Plaintiffs' claims clearly are identical, or at least broadly applicable, to all the claims at issue.  For example, facts related to the nature of Defendant's business, working

---

[3] Under Defendant's proposed grouping, these questions would be decided in a separate trial from Mr. Wilson's and Mr. Tetrick's claims that Defendant breached their distribution agreements when it terminated them.

conditions, and the contract terms in the distribution agreements are applicable to all the Plaintiffs' claims. As Plaintiffs contend, it would not be a wise use of judicial resources to empanel multiple juries to hear repeated presentations of evidence that, at its core, is largely the same and perhaps even uncontroverted. On the other hand, as Defendant argues, although Plaintiffs joined their claims into a single lawsuit, each Plaintiff asserts essentially independent claims involving unique facts that may or may not be relevant to all of the other claims. After careful consideration, we conclude that, in order to balance the interests of both sides in the fairest possible way, while promoting the goal of judicial economy, the order of proof at trial shall proceed in the following manner:

The evidence applicable to all Plaintiffs, to wit, such background information as a description of the nature of Defendant's business, the events leading up to Plaintiffs' signing their distribution agreements, and the terms of the virtually identical distribution agreements, shall be presented at the beginning of the trial, preferably by a single witness who is qualified to provide such explanations to the jury.[4] Each Plaintiff, in caption order, will then present the entirety of his or her individual evidence as to the issue of liability only.[5] Defendant will have the opportunity to present its evidence in support of

---

[4] We encourage the attorneys to cooperate in presenting a stipulated description through a shared witness whom the parties will jointly select, prepare and permit to testify in summary fashion as to the background information.

[5] To illustrate, Plaintiff Carrell will go first with his evidence in his case in chief, calling all of his witnesses and presenting whatever non-testimonial evidence he intends to introduce, as if there were no other Plaintiffs. Defendant may cross examine and challenge Carrell's proffers of evidence as appropriate. At the conclusion of Carrell's case in chief, Defendant may present
(continued...)

its counterclaims against Plaintiffs Cathy Courtney and Linda Brown at the close of Ms. Courtney's and Ms. Brown's respective presentations on liability. To the extent that one Plaintiff may be called to testify for another, that Plaintiff must confine his or her testimony to issues directly applicable to the claims of the person who is currently presenting his or her individual case at the time. Any testimony as to events that may have affected some other claimant(s), but not the particular claimant in question, must await the presentation by the other claimant's case. At the close of the final Plaintiff's presentation and the defense evidence as to each also presented seriatim, the case will go to the jury for a determination only as to liability as to each individual Plaintiff. After the jury reaches its decision(s) on liability, we will proceed in similar fashion with the evidence as to the respective claims for damages. At the conclusion of each Plaintiff's damages evidence, and the defense evidence related thereto, the case will be submitted to the jury for its determination(s) of damages.

    IT IS SO ORDERED.

Date: _____02/11/2009_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[5](...continued)
its evidence in defense, after which Carrell can present his (and only his) rebuttal evidence. When all the evidence has been adduced for and against Carrell's claim(s), the next Plaintiff (Ms. Brown) will put on her case according to the same procedures followed with Carrell's case. Once a plaintiff has rested on his or her own case, it may not be re-opened. Only evidence as to liability will be presented in the first phase of the trial.

Copies to:

Tony H. Abbott
ABBOTT HARRIS & PERRELLI
tabbott@ahplegal.com

Fred R. Biesecker
ICE MILLER LLP
fred.biesecker@icemiller.com

Donald F. Foley
FOLEY & TURNER
donf@foleyandturner.com

Alan M. Gill
alang@foleyandturner.com

Michael T. McNally
ICE MILLER LLP
mcnally@icemiller.com